James G. Carr, Sr. U.S. District Judge
This is a Social Security appeal. Plaintiff Vickie Gilbert appeals the Commissioner's decision denying her application for benefits.
Gilbert challenges the Commissioner's decision for two reasons, alleging that: 1) the ALJ that heard her claim was not properly appointed under the Appointments Clause of the Constitution, and 2) the Commissioner's decision is not supported by substantial evidence.
Pending is Magistrate Judge George L. Limbert's Report and Recommendation (Doc. 15), which recommends that I grant the Commissioner's motion to dismiss Gilbert's Appointments Clause claim (Doc. 12). Gilbert has filed objections. (Doc. 16).
On de novo review of the R & R, see 28 U.S.C. § 636(b)(1), I overrule the objections, adopt the R & R, and grant the Commissioner's motion to dismiss.
*748 Background
On July 22, 2015, Gilbert applied for disability benefits. (Doc. 11 at 198-99). The ALJ denied her application on May 30, 2018. In his decision, the ALJ found that Gilbert suffers from multiple severe impairments but has the residual functional capacity to perform light work with certain limitations and, within that RFC, can perform past relevant work. (Id. at 61-63).
On or about June 1, 2018, Gilbert appealed the ALJ's decision. (Doc. 11 at 12). The Appeals Council denied her request for review on July 26, 2018. (See Doc. 11 at 7).
In the meantime, on June 21, 2018, the U.S. Supreme Court, in Lucia v. Securities & Exchange Commission , --- U.S. ----, 138 S.Ct. 2044, 201 L.Ed.2d 464 (2018), held that ALJs for the SEC must be appointed under the Appointments Clause of the Constitution.
The Lucia opinion and its preceding circuit split prompted questions about whether all administrative agencies must appoint ALJs under the Appointments Clause. Consequently, while Lucia remained pending, the Social Security Administration issued Emergency Message (EM) 18003 (Doc. 13-1). The emergency memo instructed ALJs to "acknowledge" Appointments Clause objections made before them and note such objections on decision records but barred the Appeals Council from "acknowledge[ing], mak[ing] findings related to, or otherwise discuss[ing] Appointments Clause issue[s]." (Id. 3 (internal quotations omitted)). The emergency memo concluded that "challenges to the constitutionality of the appointment of SSA's ALJs are outside the purview of administrative adjudication[.]" (Id. ).
On July 16, 2018, in response to Lucia , the SSA's Acting Commissioner "ratified the appointments of [its] ALJs [.]" SSR 19-1P, 2019 WL 1324866, *2 (citing EM 18003 REV 2, available at https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM). Then, on August 6, 2018, SSA issued a revised emergency memo, which instructed the Appeals Council to evaluate Appointments Clause challenges raised in requests for review, including those predating the Acting Commissioner's ratification. EM 18003 REV 2, supra .[1]
On September 5, 2018, Gilbert voiced her Appointments Clause claim for the first time when she filed her complaint in this court. (Doc. 1).
In his R & R, Magistrate Judge Limbert recommends that I grant the Commissioner's motion to dismiss because Gilbert forfeited her Appointments Clause claim by waiting until she filed her complaint to raise it. (Doc. 15 at 6).
Discussion
Under the Appointments Clause of the Constitution, "Congress may ... vest the Appointment of ... Officers [of the United States] ... as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. CONST. art. II, § 2, cl. 2.
*749 "[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred." Ryder v. United States , 515 U.S. 177, 182-83, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995). The Court in Lucia, supra , 138 S.Ct. at 2055, found the petitioner's challenge timely because he raised it "before the Commission, and continued pressing [it] in the Court of Appeals and th[e Supreme] Court." But neither the Supreme Court nor the Sixth Circuit has set a stopwatch time at which Appointments Clause challenges become untimely.
The Commissioner argues that Gilbert's challenge is untimely because she forfeited it by failing to raise it before the agency. Gilbert counters that Social Security claimants need not administratively exhaust issues to preserve them for judicial review. Alternatively, she claims that I should excuse exhaustion in this case.
I agree with the Commissioner.
I. The Exhaustion Requirement Applies
"[C]ourts require administrative issue exhaustion 'as a general rule' because it is usually 'appropriate under an agency's practice' for 'contestants in an adversary proceeding' before it to develop fully all issues there." Sims v. Apfel , 530 U.S. 103, 109, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000) (quoting United States v. L.A. Tucker Truck Lines, Inc. , 344 U.S. 33, 36-37, 73 S.Ct. 67, 97 L.Ed. 54 (1952) ).
Gilbert argues that Sims eliminates the exhaustion requirement in Social Security cases. I disagree.
In Sims, supra , 530 U.S. at 112, 120 S.Ct. 2080, the Supreme Court held that a Social Security claimant may bring issues before a court even if the claimant failed to exhaust them before the Appeals Council. The Court so held because "Social Security proceedings are inquisitorial rather than adversarial[,]" and, therefore, the reason for requiring exhaustion - that is, the extent to which administrative actions mirror judicial proceedings - "is at its weakest in this area." Id.
Gilbert's argument "overextends Sims 's limited holding." Hutchins v. Berryhill , 376 F. Supp. 3d. 775, 778-79 (E.D. Mich. 2019) ; accord Flack v. Comm'r of Soc. Sec'y , 2019 WL 1236097, *2 (S.D. Ohio 2019) ; Fitzgerald v. Berryhill , 2019 WL 1125666, *3 (W.D. Ky. 2019). Indeed, "[w]hether a claimant must exhaust issues before the ALJ" - or before the agency, generally - was "not before" the Court in Sims, 530 U.S. at 107, 108, 120 S.Ct. 2080.
Plus, Sims is distinguishable. In that case, the claimant challenged how the ALJ evaluated the evidence, so her objections could not materialize until the ALJ issued a decision. See 530 U.S. at 105-06, 120 S.Ct. 2080. Conversely, here, the grounds for Gilbert's Appointments Clause challenge arose when SSA assigned the ALJ to her claim. Accordingly, Gilbert had an opportunity, not available in Sims , to voice her objection.
I therefore find that the exhaustion requirement applies in this case.
II. Exhaustion Is Not Excused in This Case
Gilbert alternatively argues that I should excuse her from exhausting her claim.
1. Futility
A court may excuse a plaintiff from exhaustion where it "would be futile[.]" See Hill v. Blue Cross & Blue Shield , 409 F.3d 710, 717 (6th Cir. 2005).
Gilbert argues that, here, exhaustion would have been futile because the emergency memo rendered "the ALJ [and]
*750 the Appeals Council ... [in]competent to decide the Appointments Clause issue[.]" (Doc. 16 at 4). I disagree.
"[T]he crucible of administrative review ensures that the petitioner's case presents a true constitutional dispute before the Judiciary steps in to decide those weighty issues." Jones Bros., Inc. v. Sec'y of Labor , 898 F.3d 669, 676 (6th Cir. 2018). "Administrative exhaustion is thus typically required so long as there is the 'possibility of some relief for the action complained of,' even if it is not the petitioner's preferred remedy." Id. (quoting Booth v. Churner , 532 U.S. 731, 738, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) ).
In Jones Brothers, Inc., supra , the Sixth Circuit held that the exhaustion requirement applied to petitioners' Appointments Clause challenge before the Mine Commission.[2] 898 F.3d at 672, 674 (citing 30 U.S.C. § 823(b) ). The court offered the following hypothetical to demonstrate the futility exception:
Imagine an alternative Mine Act that said, "the Chief Administrative Law Judge shall appoint two administrative law judges to adjudicate borrow pit enforcement actions." If administrative law judges are inferior officers, the Commission would have no way to cure the constitutional violation. The Mine Commission is bound by the Mine Act, and there is no permissible way to interpret that hypothetical statute in a manner consistent with the Appointments Clause. In that setting, it would be futile to bring that claim to the Commission and senseless for an Article III court to enforce forfeiture.
Id. at 677.
Accordingly, "[w]hat matters ... is [whether] the [agency] was fully suited to entertain the claim and remedy any error at the time" of administrative review. Id.
Despite SSA's instructions in the emergency memo, it was fully suited to entertain Gilbert's claim (see Doc. 13-1).
"The Supreme Court has offered good reasons why a seemingly rigid agency policy against a litigant's position[,]"- as opposed to a statutory or regulatory mandate - "should not excuse the requirement to raise objections at the administrative level[.]" Fortin v. Comm'r of Soc. Sec'y , 372 F. Supp. 3d 558, 566-68 (E.D. Mich. 2019) (quoting L.A. Tucker Truck Lines, Inc., supra , 344 U.S. at 36-37, 73 S.Ct. 67 ). In L.A. Tucker Truck Lines , 344 U.S. at 37, 73 S.Ct. 67, the Supreme Court rejected an argument that an internal policy requiring the agency to reject Administrative Procedure Act appointments challenges rendered exhaustion futile:
[T]he Commission is obliged to deal with a large number of like cases. Repetition of the objection in them might lead to a change of policy, or, if it did not, the Commission would at least be put on notice of the accumulating risk of wholesale reversals being incurred by its persistence. Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.
Indeed, a "change of policy," see id. , perhaps due in part to repeated Appointments Clause challenges, occurred here. In *751 the revised emergency memo, SSA adjusted its internal policy to mandate that the Appeals Commission evaluate Appointments Clause claims, including those in requests for review predating the Acting Commissioner's ratification decision. EM 18003 REV 2, supra .
Accordingly, if Gilbert had objected to the ALJ's appointment in her June 1, 2018 request for review, the Appeals Council would have evaluated her challenge under SSA's new policy. And, had Gilbert submitted her objection to SSA, she may have sparked this policy change in concert with other challengers. See L.A. Tucker Truck Lines, Inc., supra , 344 U.S. at 37-38, 73 S.Ct. 67.
I therefore will not excuse Gilbert's failure to exhaust for futility.
2. Extenuating Circumstances
Gilbert asks me to adopt the reasoning in Bizarre v. Berryhill , 364 F. Supp. 3d 418 (M.D. Pa. 2019) to excuse exhaustion in this case.[3] I decline to do so.
In Bizarre, supra , 364 F. Supp. 3d at 420, the court "br[oke] from the emerging consensus of federal district courts" by holding that Social Security claimants need not exhaust issues before SSA. Going one step further, the court excused exhaustion, relying on Freytag v. Commissioner of Internal Revenue , 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991).
In Freytag, supra , 501 U.S. at 878-79, 111 S.Ct. 2631, the Supreme Court explained that "Appointments Clause Objections to judicial officers" are "in the category of nonjurisdictional structural constitutional objections that could be considered on appeal whether or not they were ruled upon below[.]" The Court then "conclude[d] that this is one of those rare cases in which [it] should exercise [its] discretion to hear petitioners' challenge to the constitutional authority of the [Tax Court] Special Trial Judge." Id. at 879, 111 S.Ct. 2631.
I disagree with the Bizarre court's application of Freytag . The Court in Freytag "did not create a categorical rule excusing Appointments Clause challenges from general waiver and forfeiture principles." Hutchins, supra , 376 F.Supp.3d at 779 (citing 501 U.S. at 879, 111 S.Ct. 2631 ). And the Bizarre claimant, like Gilbert, could have discovered his claim as early as 1) June, 2017, when the circuit split preceding Lucia arose, or 2) January, 2018, when the Supreme Court granted certiorari in Lucia .[4] Yet, the Bizarre claimant slept on his challenge until July, 2018. See 364 F. Supp. 3d at 422, 424 (citing claimant's reply before magistrate).
But, in any event, this case is unlike Bizarre .
Gilbert's late Appointments Clause claim is "disingenuous," Freytag, supra , 501 U.S. at 879, 111 S.Ct. 2631, at worst, and ignorant, at best. The claimant in Bizarre, supra , 364 F. Supp. 3d at 422, raised his Appointments Clause claim weeks after Lucia 's announcement, and he did so in the only forum then available to him: the *752 district court where his case was already pending. 364 F. Supp. 3d at 422. In contrast, Gilbert let two and one-half months - and the opportunity to add the Appointments Clause issue to her request for review, which remained before the Appeals Council - pass before voicing her challenge.
In light of Gilbert's extended delay, I will not excuse exhaustion.
Conclusion
It is, therefore, hereby
ORDERED THAT
1. Gilbert's objections to the Magistrate Judge's Report and Recommendation (Doc. 16) be, and the same hereby are, overruled;
2. The Magistrate Judge's Report and Recommendation (Doc. 15) be, and the same hereby is, adopted as the order of the court; and
3. The Commissioner's motion to dismiss (Doc. 12) be, and the same hereby is, granted.
So ordered.
INTERIM REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
GEORGE J. LIMBERT, UNITED STATES MAGISTRATE JUDGE
VICKIE GILBERT, Plaintiff,
v.
NANCY A. BERRYHILL,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, Defendant.
This matter is before the undersigned on a motion to dismiss Plaintiff's Appointments Clause Claim filed by Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Defendant") on November 30, 2018. ECF Dkt. #12. On December 27, 2018, Plaintiff Vickie Gilbert ("Plaintiff") filed a response to the motion. ECF Dkt. #13. On February 5, 2019, Defendant filed a reply brief. ECF Dkt. #14.
For the following reasons, the undersigned RECOMMENDS that the Court GRANT Defendant's motion to dismiss Plaintiff's Appointments Clause Claim (ECF Dkt. #12) and DISMISS this claim from Plaintiff's complaint.
I. FACTUAL AND PROCEDURAL HISTORY
On September 5, 2018, Plaintiff, through counsel, filed a complaint in this Court indicating that on or about July 21, 2015, she filed a claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. ECF Dkt. #1 at 1. She avers that she appeared before an Administrative Law Judge ("ALJ") on January 12, 2018 for a hearing and the ALJ issued a decision on May 30, 2018 denying her application for DIB. Id. Plaintiff further avers that she filed a timely request for review of the ALJ's decision before the Appeals Council and the Appeals Council denied her request on July 26, 2018, which made the ALJ's decision the final decision of Defendant. Id.
Plaintiff advances two claims in her complaint. ECF Dkt. #1. The first claim alleges that the ALJ who issued the May 30, 2018 decision in her social security case was not properly appointed pursuant to the Appointments Clause of the United States Constitution in Article 2, Section 2, Clause 2. ECF Dkt. #12 at 2. She further alleges that substantial evidence is lacking *753 for the ALJ's decision that she was not disabled under the Social Security Act. Id. Defendant's instant motion to dismiss challenges only the Appointments Clause claim of Plaintiff's complaint. ECF Dkt. #12 at 10.
II. LAW AND ANALYSIS
In Defendant's motion to dismiss, she contends that because Plaintiff never presented her Appointments Clause claim to the ALJ or the Appeals Council, she has forfeited the right to bring such a claim before this Court. ECF Dkt. #12 at 2. Plaintiff counters that issue exhaustion is not required in Social Security cases and even if it were, it would have been futile to raise this claim at the administrative level because the Social Security Administration issued an Emergency Message informing the ALJs that they could not discuss or make findings related to Appointments Clause challenges because such challenges were outside the scope of adjudication. ECF Dkt. #13 at 5-8.
The undersigned recommends that the Court GRANT Defendant's motion to dismiss because Plaintiff has forfeited her right to raise the Appointments Clause claim before this Court. In Lucia v. Securities and Exchange Commission , the United States Supreme Court ("USSC") held that the appointment of ALJs by the Securities and Exchange Commission ("SEC") to preside over adversarial hearings violated the Appointments Clause of the United States Constitution because the ALJs were appointed by SEC staff members and not by the SEC itself, or by the President, or a court of law. --- U.S. ----, 138 S.Ct. 2044, 2053, 201 L.Ed.2d 464 (2018). The USSC explained that the Appointments Clause "lays out the permissible methods of appointing 'Officers of the United States,' which is only by the President, a court of law, or a head of department." Id. at 2049, 2051. The USSC held that the appropriate remedy for this Appointments Clause violation was a new hearing before an ALJ who was properly appointed. Id. at 2055.
Social security claimants have sought to apply Lucia to their cases in order to challenge the authority of social security ALJs. In a case very similar to the one at bar, United States Magistrate Judge Knepp of this District issued a Report and Recommendation that the District Court find that Wreede forfeited her Appointments Clause challenge to the ALJ because she had failed to make this challenge during her administrative proceedings. Wreede v. Comm'r of Soc. Sec. , No. 3:19cv164, 2019 WL 1324024, at *21-22 (N.D. Ohio, Mar. 25, 2019) (Report and Recommendation adopted, with no objections to Appointments Clause recommendation). Judge Carr of this District adopted Magistrate Judge Knepp's Report and Recommendation and affirmed the decision of the Social Security Commissioner. Id.
In his Report and Recommendation, Magistrate Judge Knepp acknowledged Lucia and its holding that the SEC ALJs were "Officers of the United States" and therefore subject to the Appointments Clause appointment by only the President, courts of law, or heads of departments. 2019 WL 1324024, at *21. However, Magistrate Judge Knepp also highlighted the holding in Lucia that "with respect to Appointments Clause challenges, only 'one who makes a timely challenge' is entitled to relief." Id. at *21, quoting Lucia , 138 S.Ct. at 2055 (quoting Ryder v. U.S. , 515 U.S. 177, 182-183, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995). Magistrate Judge Knepp found that, unlike the plaintiff in Lucia who had timely presented an Appointments Clause challenge, Wreede did not make such a challenge at the administrative *754 level and she therefore forfeited her Appointments Clause claim. Wreede, 2019 WL 1324024, at *22. Magistrate Judge Knepp thus recommended that the Court find that Wreede forfeited the Appointments Clause challenge in her social security case and she could not raise it before the Court. Id. He cited to a host of cases holding that even if Lucia's Appointments Clause holding applied to ALJs for the Social Security Administration, "plaintiffs forfeit the issue by failing to raise it during administrative proceedings." Id. , citing e.g. Faulkner v. Comm'r of Soc. Sec. , No. 1:17cv1197-STA-egb, 2018 WL 6059403, at *2 (W.D. Tenn. Nov. 19, 2018) ; Page v. Comm'r of Soc. Sec. , 344 F.Supp.3d 902 (E.D. Mich. 2018) ; Davidson v. Comm'r of Soc. Sec. , No. 2:16cv102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018) ; Garrison v. Berryhill , No. 1:17-302-FDW, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018) ; Stearns v. Berryhill , No. C17-2031-LTS, 2018 WL 4380984, at *5 (N.D. Iowa Sept. 14, 2018) ; Trejo v. Berryhill , No. EDCV 17-0879-JPR, 2018 WL 3602380, at *3 n.3 (C.D. Cal. July 25, 2018).
Additional cases in this Circuit have affirmed such a holding. In Axley v. Commissioner of Social Security Administration , No. 1:18-cv-1106-STA-cgc, 2019 WL 489998 (W.D. Tenn. Feb. 7, 2019), the United States District Court for the Western District of Tennessee denied Axley's motion to remand his social security case based upon the ALJ's lack of authority under the Appointments Clause. The Axley Court relied upon its prior holding in Faulkner , 2018 WL 6059403 (W.D. Tenn. Nov. 19, 2018), in which it denied Faulkner's motion to remand his case because he had failed to show good cause for not raising the Appointments Clause claim at the administrative level. 2019 WL 489998, at *1. The Axley Court held that Axley had failed to identify his Appointments Clause challenge at any step in the social security administrative process and he failed to show good cause for failing to do so. Id. at *3. Similarly here, Plaintiff failed to raise her Appointments Clause challenge concerning the ALJ at the administrative level.
Axley raised an additional argument in his case that Plaintiff also raises in the instant case. He asserted that his failure to raise the Appointments Clause claim before the ALJ should have been excused because it would have been futile to do. 2019 WL 489998, at *2. Like Plaintiff in the instant case, Axley cited to an Emergency Message issued by the Social Security Administration to ALJs in January of 2018 directing them to merely acknowledge Appointments Clause challenges "[b]ecause SSA lacks the authority to finally decide constitutional issues such as these." Social Security Administration EM-18003, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process Id. Axley argued that had he raised this claim before the ALJ, the ALJ would have merely noted the challenge and not have ruled on it because of this emergency message. Id. The Axley Court nevertheless found that "this would at least have preserved the issue." Id. Similarly in the instant case, "Plaintiff failed to make any noise regarding her Appointments Clause challenge during the administrative proceedings." Flack v. Comm'r of Soc. Sec. , No. 2:18-cv-501, 2018 WL 6011147, at *3 (S.D. Ohio Nov. 16, 2018) (since plaintiff did not raise Appointments Clause challenge before the ALJ or Appeals Council, she forfeited the challenge), Report and Recommendation adopted in 2019 WL 1236097 (S.D. Ohio Mar. 18, 2019). Accordingly, the undersigned recommends that the Court find that Plaintiff has forfeited raising this issue *755 before this Court as she could have at least preserved the issue by raising it before the ALJ or at anytime during the administrative process.
Moreover, in adopting the United States Magistrate's Report and Recommendation in Flack , the United States District Court for the Southern District of Ohio cited to many of the same cases cited to in Wreede and other cases that had also concluded that "a plaintiff's failure to raise the Appointments Clause issue before the ALJ results in forfeiture of that claim upon judicial review." Flack , 2019 WL 1236097, citing Page , 344 F.Supp.3d at 904-06 ; Faulkner , 2018 WL 6059403, at *3 ; Davidson , 2018 WL 4680327, at *2 ; Salmeron v. Berryhill , No. CV 17-3927, 2018 WL 4998107, at *3 n.5 (C.D. Cal. Oct. 15, 2018) ; Iwan v. Comm'r of Soc. Sec. , No. 17-cv-97, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018) ; Stearns , 2018 WL 4380984, at *6 ; Thurman v. Comm'r of Soc. Sec. , No. 17-cv-35-LRR, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10, 2018) ; Williams v. Berryhill , No. 2:17-cv-87, 2018 WL 4677785, at * *2-3 (S.D. Miss. Sept. 28, 2018) ; Garrison v. Berryhill , No. 1:17-cv-00302, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018). Citing Willis v. Comm'r of Soc. Sec. , No. 1:18-CV-158, 2018 WL 6381066, at *3 (S.D. Ohio Dec. 6, 2018). For these reasons, this Court should find no merit to Plaintiff's assertion that the Court should excuse her failure to raise the issue before the ALJ because it was futile to do so based upon the emergency message sent to the ALJs.
Finally, Plaintiff in the instant case cites to social security regulations and the USSC's ruling in Sims v. Apfel , 530 U.S. 103, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000) to assert that social security claimants are not required to exhaust all issues in order to preserve their rights upon judicial review. ECF Dkt. #13 at 2-5. In Sims , the USSC held that, "[c]laimants who exhaust administrative remedies need not also exhaust issues in a request for review by the [Social Security] Appeals Council in order to preserve judicial review of those issues." Id. at 112, 120 S.Ct. 2080. Plaintiff concludes on the basis of Sims that she was therefore not required to exhaust the instant Appointments Clause issue before the ALJ or the Appeals Council. Id.
However, the USSC specifically noted in Sims that "[w]hether a claimant must exhaust issues before the ALJ is not before us." 530 U.S. at 107, 120 S.Ct. 2080. In Flack , the United States District Court for the Southern District of Ohio found no merit to the same Sims assertion that Plaintiff makes here. The Flack Court specifically held that Sims "stands for the proposition that Plaintiff need not raise an argument at the Appeals Council in order to preserve the argument for review. But Sims does not discuss ALJs. Because Sims did not address the need for exhaustion to preserve an argument in front of an ALJ, the rule and reasoning is unavailing in this context." Flack , 2019 WL 1236097, at *2. The Flack Court found that Flack's reliance on Sims was therefore misplaced and she misinterpreted the issue exhaustion requirements. 2019 WL 1236097, at *2. The Court cited to a number of court cases in the Sixth Circuit finding that Sims addressed only whether a claimant was required to present all relevant issues before the Appeals Council. Id. , citing e.g. , Stevens v. Comm'r of Soc. Sec. , No. 2:14-CV-2186, 2016 WL 692546, at *11 & n.6 (S.D. Ohio Feb. 22, 2016), Report and Recommendation adopted, 2016 WL 1156518 (S.D. Ohio Mar. 24, 2016) ; Benedict v. Comm'r of Soc. Sec. , No. 1:13-CV-2026, 2014 WL 3053305, at *14 (N.D. Ohio July 7, 2014) ("[t]he Sims Court did not address whether a claimant would waive judicial review by failure to raise an issue before the ALJ.");
*756 Monateri v. Comm'r of Soc. Sec. , No. 1:08-CV-1297, 2009 WL 10679740, at *2 (N.D. Ohio Oct. 19, 2009), aff'd, 436 F. App'x 434 (6th Cir. 2011) ( Sims did not address whether a claimant has to exhaust issues before the ALJ). The undersigned recommends that the Court agree with the Flack Court and other courts in this Circuit that have held that Sims does not apply to whether a claimant has to exhaust an issue before an ALJ because the Supreme Court in Sims specifically noted that this issue was not before it. Id. Thus, Sims is inapplicable to Plaintiff's assertion that she was not required to raise her Appointments Clause claim before the ALJ.
III. CONCLUSION AND RECOMMENDATION
For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Defendant's motion to dismiss Plaintiff's Appointments Clause claim (ECF Dkt. #12) and dismiss this claim from Plaintiff's complaint in the instant case. Should the Court adopt the undersigned's Inaterim Report and Recommendation, the undersigned shall set a briefing schedule following the filing of the Court's Memorandum Opinion & Order.

I take judicial notice of EM 18003 and EM 18003 REV 2 because those documents are " 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned[,]' " that is, the SSA website. See Bowers v. Wynne , 615 F.3d 455, 470 (6th Cir. 2010) (quoting Fed. R. Evid. 201(b) ). I may consider such "matters of which a court may take judicial notice" in evaluating a motion to dismiss. See id. (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd. 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (internal quotations omitted)).
I refer to EM 18003 as the "emergency memo" and EM 18003 REV 2 as the "revised emergency memo."

The court in Jones Brothers, Inc., supra , 898 F.3d at 677-78, ultimately excused the exhaustion requirement because there was uncertainty surrounding whether the Mine Commission could hear the objection and because petitioners flagged the issue for the agency.

Gilbert addresses Bizarre, supra , in her futility objection (Doc. 16 at 4-7), but that court in that case did not make a futility finding. See 364 F. Supp. 3d 418.

See Lucia, supra , 138 S.Ct. at 2050 (noting split between Tenth and D.C. Circuits) (internal citations omitted); Lucia v. Secs. & Exch. Comm'n , --- U.S. ----, 138 S.Ct. 736, 199 L.Ed.2d 602 (2018) (granting certiorari).
Moreover, the claimant in Lucia, supra , 138 S.Ct. at 2055, did not have the benefit of his own case to alert him of his Appointments Clause challenge. Presumably, then, both the Bizarre claimant and Gilbert could have come up with their objections before the circuit split preceding Lucia arose.

On January 20, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.